<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL HAYES,<br><br>                    Plaintiff,<br><br>          v.<br><br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                    Defendants. | Case No. 2:25-cv-17921 (BRM) (CF)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Michael Hayes' ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 5). The Court grants Plaintiff leave to proceed *in forma pauperis* ("IFP") and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below and for good cause appearing, the Court the Complaint is **DISMISSED** in its entirety.

## I.    BACKGROUND

The Court will construe the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is an inmate at New Jersey State Prison ("NJSP"). (*See generally* ECF No. 1.) Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against (1) the New Jersey Department of Corrections, (2)

NJSP, (3) Officer D. Jovanovic ("Jovanovic"), and (4) John Doe Corrections Officers. (*Id.* at 1, 5–6.)

In the Complaint, Plaintiff alleges Defendant Jovanovic "falsified institutional infractions." (*Id.* at 5.) Plaintiff claims Defendant Jovanovic placed him "in the strip room to remove [his] clothes then beat [him] with the correctional stick and [Plaintiff] endured injuries to [his] body." (*Id.* at 5.) Plaintiff claims other correctional staff members were involved. (*Id.* at 6.)

Plaintiff seeks monetary relief. (*Id.*)

## II.    STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "[a] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### A. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

### A. Failure to State a Claim

#### 1. Fourteenth Amendment Due Process Claim

Plaintiff alleges Defendant Jovanovic "falsified institutional infractions." (ECF No. 1 at 5.) The Court construes the Complaint as raising a Fourteenth Amendment due process clause claim against Defendant Jovanovic.

3

The filing of false disciplinary charges "does not itself violate a prisoner's constitutional rights, so long as procedural due process protections were provided." *See Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009). "Due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports." *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012). More specifically, a convicted prisoner cannot state a claim based on the filing of false disciplinary charges against him where he has received a hearing where he could rebut the charges. *See, e.g.*, *Talley v. Griesmer*, No. 19-3796, 2023 WL 3002742, at *2 (3d Cir. Apr. 19, 2023) (per curiam) ("The filing of false disciplinary charges does not violate the Constitution as long as the inmate was granted a hearing and an opportunity to rebut the charges.").

The Complaint fails to state a plausible Fourteenth Amendment due process claim against Defendant Jovanovic. Plaintiff fails to plead enough facts for the Court to evaluate if he states a due process claim as Plaintiff fails to plead facts regarding whether he received a hearing. Accordingly, the Fourteenth Amendment due process claim against Defendant Jovanovic will be dismissed without prejudice for failure to state a claim under § 1915A(b)(1).

### 2. Eighth Amendment Excessive Force

In the Complaint, Plaintiff alleges Defendant Jovanovic placed him "in the strip room to remove [his] clothes then beat [him] with the correctional stick and [Plaintiff] endured injuries to [his] body." (ECF No. 1 at 5.)

Excessive force claims brought by convicted prisoners are analyzed under the Eighth Amendment's Cruel and Unusual Punishment Clause. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400-01 (2015); *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 193–94 (3d Cir. 2021). When a convicted prisoner brings an Eighth Amendment excessive force claim against a prison official, the court

must consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). The malicious-and-sadistic standard for an Eighth Amendment claim is subjective. *See Kingsley*, 576 U.S. at 400.

Even construing Plaintiff's allegations liberally, Plaintiff's allegations regarding Defendant Jovanovic's excessive force are not sufficiently developed to state a plausible Eighth Amendment excessive force claim. While Plaintiff alleges Defendant Jovanovic beat him with a stick, he fails to provide any allegations describing the circumstances surrounding the incident. Plaintiff fails to plead facts regarding whether Defendant Jovanovic's actions were taken to maintain or restore discipline, or maliciously and sadistically. Without these allegations, the Court cannot determine if Defendant Jovanovic's actions were malicious or sadistic. These underdeveloped allegations do not state a plausible excessive force claim. *Sampson v. Bergen Cnty. Prosecutors Off.*, No. 23-2425, 2024 WL 3177776, at *2 (3d Cir. June 26, 2024) ("Sampson's bare allegation that he was 'assaulted' is insufficient to state an excessive force claim."). Plaintiff's Eighth Amendment claim will be dismissed without prejudice.

### 3.   New Jersey Department of Corrections and NJSP

In his complaint, Plaintiff names NJSP and the New Jersey Department of Corrections as Defendants. Defendants NJSP and New Jersey Department of Corrections must be dismissed because they are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining state agencies are not subject to suit under § 1983); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (noting state department of corrections and state prison facilities are not "persons" under § 1983). Plaintiff cannot seek relief pursuant to § 1983 against these defendants. Plaintiff's claims against the New

Jersey Department of Corrections and NJSP must therefore be dismissed with prejudice at this time.

**IV.    CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** in its entirety. Plaintiff's claims against Defendant Jovanovic are dismissed without prejudice. Plaintiff's claims against New Jersey Department of Corrections and New Jersey State Prison are dismissed with prejudice. Plaintiff shall have thirty days from the date of the accompanying order to file an amended complaint to cure the deficiencies discussed in this Opinion. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: March 19, 2026